**IT IS ORDERED as set forth below:**

**Date: March 8, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| In Cha Rim, | : | BANKRUPTCY CASE |
| | : | 16-70161-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | ADVERSARY PROCEEDING |
| NEIL C. GORDON, | : | NO. 18-05236-LRC |
| Chapter 7 Trustee for the Estate of | : | |
| In Cha Rim, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENNY LEE DAVIS and | : | IN PROCEEDINGS UNDER |
| ANTHONY SHIPMAN, | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |
| Defendant. | : | |

## ORDER ENTERING DEFAULT JUDGMENT

Before the Court is Plaintiff Neil C. Gordon's, as Chapter 7 Trustee for the bankruptcy estate (the "Bankruptcy Estate") of In Cha Rim ("Debtor"), Motion for Default

Judgment against Defendants Jenny Lee Davis and Anthony Shipman (the "Motion"). (Doc. 5).

The Trustee initiated this adversary proceeding to avoid a fraudulent transfer and have property turned over to the Bankruptcy Estate. Accordingly, this matter constitutes a core proceeding over which the Court has authority to enter a final order. *See* 28 U.S.C. §§ 157(b)(2)(E), (H).[1]

## BACKGROUND

Debtor obtained title to real property located at 1715 Herrington Road, Lawrenceville, Georgia 30043, on February 7, 2000 (the "Property"). (Complaint, Doc. 1 ¶ 14). On April 25, 2014, Debtor executed a quitclaim deed transferring her interest in the Property to Defendants, which was recorded on April 28, 2014. (*Id.* ¶¶ 15, 16). Defendants are Debtor's daughter and son-in-law. (*Id.* ¶¶ 12-13). The Trustee alleges that Debtor received no consideration for the transfer and that the transfer was made twenty days after Capital One Bank USA, NA ("Capital One"), had obtained a judgment against Debtor for $17,392.03. (*Id.* ¶¶ 22, 25). Debtor filed Chapter 7 bankruptcy on November

---

[1] Defendants have not filed a claim in the lead bankruptcy case. Therefore, there is an unraised question whether the Court has authority to enter a final order. *See Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency)*, 702 F.3d 553, 564-65 (9th Cir. 2012) (finding that bankruptcy court lacked authority to enter a final judgment on a fraudulent conveyance claim against a noncreditor). Courts have held that a defendant impliedly consents to bankruptcy adjudication by failing to respond to a properly noticed complaint. *See Hoku Corp. v. M & A Ventures (In re Hoku Corp.)*, 2015 WL 8488949, **2-3 (Bankr. D. Idaho Dec. 10, 2015) (citing *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015)). In the event there has been no such waiver and the Court does not have constitutional authority to enter a final judgment in this matter, then this Order constitutes the Court's proposed findings of fact and conclusions of law, submitted to the District Court for de novo review pursuant to 28 U.S.C. § 157(c)(1) and Federal Bankruptcy Rule 9033.

8, 2016.  By that time, a little more than two years after the transfer, Debtor scheduled $153,354.00 in unsecured claims and $10,424.00 in assets.  (*Id.* ¶ 22).

On September 25, 2018, the Trustee initiated this adversary proceeding seeking (a) to avoid the transfer and subsequent recording of Debtor's sole ownership interest in the Property to Defendants as a fraudulent transfer; (b) to recover the avoided transfer or the value thereof from Defendants; (c) to preserve the avoided transfer for the benefit of the Bankruptcy Estate; (d) an order directing turnover of the Property effective upon Court approval of the sale of the Property; and (e) an award of punitive damages against Defendants.  Defendants were served a copy of the Summons and Complaint on September 27, 2018.  (Certificate of Service, Doc. 3).  To this date, Defendants have failed to file an answer or otherwise defend.  Consequently, on the Trustee's motion (Doc. 4), the Clerk entered default against Defendants on November 2, 2018.  The Trustee now asks the Court to enter default judgment.

## **DISCUSSION**

Federal Rule of Civil Procedure 55 is made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7055.  FED. R. BANKR. P. 7055.  Rule 55 provides that a plaintiff may obtain a default judgment against a defendant who "has failed to plead or otherwise defend[.]" FED. R. CIV. P. 55(a).  However, "a defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).  "The defendant, by his default,

admits the plaintiff's well-pleaded allegations of fact." *Id.* Yet, before granting a motion for default judgment, the Court must ensure that those well-pleaded allegations state a plausible claim for relief. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir.2003).

To avoid a transfer under 11 U.S.C. § 544 and O.C.G.A. § 18-2-74(a)(1), the plaintiff must allege that the transfer was made "by a debtor" with "actual intent to hinder, delay, or defraud any creditor of the debtor." O.C.G.A. § 18-2-74(a)(1). To determine whether actual intent has been plead, courts look for "badges of fraud," which are "circumstances so frequently attending fraudulent transfers that an inference of fraud arises from them." *Schilling v. Heavrin (In re Triple S Restaurants, Inc.)*, 422 F.3d 405, 414 (6th Cir. 2005). O.C.G.A. § 18-2-74(b) contains a non-exhaustive list of badges of fraud, including whether:

> (1) The transfer or obligation was to an insider; (2) The debtor retained possession or control of the property transferred after the transfer; (3) The transfer or obligation was disclosed or concealed; (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) The transfer was of substantially all the debtor's assets; (6) The debtor absconded; (7) The debtor removed or concealed assets; (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) The transfer occurred shortly before or shortly after a substantial debt was incurred[.]

In the instant case, the Trustee has alleged at least four badges of fraud. First, Debtor's transfer was made to her children, who qualify as insiders under O.C.G.A. § 18-2-71. O.C.G.A. § 18-2-71(8) (an insider includes "[a] relative of the debtor"). Second, the

transfer was made shortly after Capital One obtained a judgment against Debtor. As to the third and fourth badges, the Trustee alleges that as of the Petition date, Debtor scheduled $153,354.00 in unsecured claims and $10,424.00 worth of assets. This creates a reasonable inference that Debtor was insolvent at the time of the transfer and that the transfer amounted to a transfer of substantially all of Debtor's assets. *See Kerr v. Venetian Casino Resort (In re Medici)*, 524 B.R. 902, 907 (Bankr. N.D. Ga. 2014) (using debtor's financial status as of the petition date to support an inference about debtor's solvency at the time of the transfer two years earlier). Accordingly, the Trustee has alleged enough facts to support an inference of fraudulent intent.

Section 550 of the Bankruptcy Code provides that once a transfer has been avoided, the trustee may recover the property that was transferred, or the value of that property, from, among others, the initial transferee. Here, the Trustee has alleged that Defendants were the initial transferees and has therefore stated a claim to recover the avoided transfer pursuant to 11 U.S.C. § 550.[2]

## **CONCLUSION**

The Trustee has alleged that Debtor's transfer to Defendants amounted to a fraudulent transfer that was voidable and recoverable by the Bankruptcy Estate. Accordingly,

---

[2] In addition to recovering the avoided transfers, the Trustee also seeks punitive damages. Even assuming punitive damages are available in a case brought under § 550, the Trustee has failed to allege any facts showing that Defendants' engaged in "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b); *see also Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.)*, 429 B.R. 73, 111-12 (Bankr. S.D.N.Y. 2010) ("Persuasive authority holds that § 550 bars punitive damages notwithstanding their possible availability under state law.").

**IT IS HEREBY ORDERED** that the Trustee's Motion for Entry of Default Judgment is **GRANTED**;

**IT IS FURTHER ORDERED** that the transfer of the Property to Defendants is avoided and the avoided transfers are preserved for the benefit of the Bankruptcy Estate; and

**IT IS FURTHER ORDERED** that Defendants Jenny Lee Davis and Anthony Shipman shall turn over the Property to Trustee effective upon the Court's approval of any sale.

**[END OF DOCUMENT]**

**DISTRIBUTION LIST**

Neil C. Gordon
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

Jenny Lee Davis
1715 Herrington Road
Lawrenceville, GA 30043

Anthony Shipman
6808 Golden Bud Lane
Flowery Branch, GA 30542-7621

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

In Cha Rim
1715 Herrington Rd
Lawrenceville, GA 30043-5620

John Michael Morrow
John Michael Morrow, PC
Suite 400
3675 Crestwood Parkway
Duluth, GA 30096-5058